## August Eggert, Jr. and Charles M. Hurst, Plaintiffs in Error, v. Stephen D. Sexton, Trustee, Defendant in Error.

### (Not to be reported in full.)

Error to the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. Rehearing denied January 13, 1917.

### Statement of the Case.

Suit by Stephen D. Sexton, trustee, complainant, against August Eggert, Jr. and Charles M. Hurst, defendants, to foreclose a mortgage on real estate. To

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

review a decree in favor of complainant, defendants prosecute a writ of error.

W. W. COHICK and L. H. HITE, for plaintiffs in error.

C. E. POPE and H. F. DRIEMEYER, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MORTGAGES, § 393*—*when refusal to pay interest coupons does not place mortgagor in default in payment.* The purchaser of property subject to a mortgage securing coupons and promissory notes, and providing that interest shall be payable at a certain time and place on presentation and surrender of the respective coupons, has the right to demand the coupons at the time of making payment of interest, and if, on presenting himself at such place, ready and willing to pay, he is told that the coupons are not in the possession of the party authorized to receive payment, and is refused information as to where they are, his refusal to pay does not put him in default.

2. MORTGAGES, § 393*—*when suit on mortgage is not prematurely brought.* Where a purchaser of property subject to a mortgage securing coupons and promissory notes, and providing that interest shall be payable at a certain time and place on surrender of the respective coupons, presented himself at such time and place and offered to make a payment but refused to do so because of the refusal of the person authorized to receive payment to deliver the coupons, but later failed to present himself at the time and place after the notes were all due, or to offer to pay them with interest thereon upon production and delivery to him of the papers, *held* that a suit to foreclose the mortgage was not prematurely brought, and that a decree for the complainant was properly entered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.